UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIOLETTE SUSU and JERIES SOUSOU,

    Plaintiffs,

    v.

THE BANK OF NEW YORK MELLON,

    Defendant.

No. C 20-03563 WHA

**ORDER DISMISSING ENTIRE ACTION WITH PREJUDICE**

# INTRODUCTION

In this wrongful-foreclosure action, defendant moves to dismiss plaintiffs' complaint for failure to plead facts upon which relief can be granted pursuant to *res judicata* and for failure to prosecute pursuant to FRCP 41(b). The motion to dismiss is **GRANTED**.

# STATEMENT

*Pro se* plaintiffs Violette Susu and Jeries Sousou have filed four wrongful-foreclosure actions in three years regarding the same loan on the same property. In this cycle, plaintiffs file suit against a variation of the same defendants, plead many of the same claims for relief, neglect court procedure and orders, and simply re-file an action once their case is dismissed.

In October 2005, plaintiffs took out a $1,612,500 home loan from America's Wholesale Lender, evidenced by a promissory note and secured by a deed of trust on real property located at 6128 Bay Hill Court, Dublin, California 94568. In December 2011, the Mortgage Electronic Registration System ("MERS"), in nominee capacity for America's Wholesale Lender,

reassigned the deed of trust to Bank of New York Mellon ("BNY Mellon") (Dkt. No. 7 at 2). Plaintiffs eventually defaulted on their mortgage payments and BNY Mellon executed and thereafter recorded a notice of trustee's sale, initiating a series of lawsuits.

In October 2017, plaintiffs filed their first wrongful-foreclosure action in the United States District Court for the Northern District of California against five defendants, including BNY Mellon. Plaintiffs alleged eighteen claims for relief, including violations of the Fair Debt Collection Practices Act, violations of California Civil Code §§ 2924(a) and 2934(a), and intentional infliction of emotional distress. *Susu and Sousou v. Bayview Loan Servicing, LLC, et al.*, 2017 WL 6448188 (Dec. 18, 2017). Defendants in that action moved to dismiss the complaint pursuant to FRCP 12(b)(6). Plaintiffs failed to meet the deadline to respond after receiving two extensions, and eventually voluntarily dismissed their case (Case No. C 17-05879 WHA, Dkt. Nos. 1, 20–11, 18, 20–21, 24).

In January 2018, plaintiffs filed their second wrongful-foreclosure action in this district against Bayview Loan Servicing, LLC and BNY Mellon, again. Plaintiffs again alleged violations of the Fair Debt Collection Practices Act, violations of California Civil Code §§ 2924(a) and 2934(a), intentional infliction of emotional distress, and violations of the Truth in Lending Act. *Susu and Sousou v. Bayview Loan Servicing, LLC, et al.*, 2018 WL 6591660 (Dec. 13, 2018). Plaintiffs failed to respond to defendants' motion to dismiss and the order to show cause, and skipped the hearing on the matter. After many continuances and postponements, the undersigned dismissed the case with prejudice in September 2018 for failure to state a claim and failure to prosecute.

In December 2018, plaintiffs filed their third wrongful-foreclosure action in this district against BNY Mellon pleading the same claims for relief as their prior actions with one new theory of fraud under California Civil Code § 1572 (Case No. C 18-07813 WHA, Dkt. No. 1). The undersigned dismissed the case for failure to prosecute in April 2019.

In June 2019, plaintiffs filed their fourth and current wrongful-foreclosure suit against BNY Mellon in Alameda County Superior Court. Plaintiffs delayed proper service of this complaint for ten months. Upon service, defendant removed to this court in May 2020.

Plaintiffs allege (i) wrongful foreclosure; (ii) violations of California Civil Code §§ 1572, 22924(a), and 2934(a); (iii) violations of the Truth in Lending Act (15 U.S.C. § 1641(g)); and (iv) intentional infliction of emotional distress (Dkt. No. 1). These allegations are substantially similar to those in plaintiffs' previous three wrongful-foreclosure actions. On June 4, 2020, defendant BNY Mellon moved to dismiss all claims as barred by *res judicata* and collateral estoppel and for failure to prosecute. After plaintiffs failed to respond to this motion, the undersigned provided plaintiffs another chance and ordered them to show cause. Plaintiffs missed this deadline, too. Plaintiffs' silence is consistent with their troublesome litigation history and evince why no further chances will be granted.

## ANALYSIS

**1.    RES JUDICATA.**

*Res judicata* precludes plaintiffs' claims in this fourth action. Under federal law, a plaintiff may not pursue claims that have already been decided where: (1) the claims arise from the same "nucleus of transactional fact," (2) a final judgment on the merits of the earlier claims has been issued, and (3) the parties to the instant action and the prior action are the same or share a substantial common interest with regard to the present and prior proceedings. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

### A.    SAME NUCLEUS OF TRANSACTIONAL FACT.

Plaintiffs' claims arise from the same $1,612,500 home loan issued in 2005 for the property located at 6128 Bay Hill Court in Dublin, California. Plaintiffs allege the same misconduct committed by BNY Mellon (that defendant caused an illegal sale of the property by forging a signature on the trust), and plead the same claims for relief.

### B.    FINAL JUDGMENT ON THE MERITS.

Judgment has been entered against plaintiffs and in favor of BNY Mellon at least once. The undersigned dismissed plaintiffs' January 2018 action with prejudice for failure to state a claim. This court never reached the merits of the other two actions because plaintiffs' neglect for judicial process permitted dismissal under FRCP 41(b).

### C. IDENTITY OF THE PARTIES.

While plaintiffs have narrowed down their roster of defendants to one, BNY Mellon has been a party to each of plaintiffs' four wrongful-foreclosure action. Thus, plaintiffs' identical claims against this identical party are barred by *res judicata*.

## 2. FAILURE TO PROSECUTE.

Plaintiffs are wont to file a complaint and ignore any court procedures, hearings, and orders thereafter. Their pattern continues here.

In the instant action, plaintiffs filed their complaint in Alameda County Superior Court and delayed proper service of the complaint for ten months. Despite the lack of service, plaintiffs attempted to default defendant for their silence. Once BNY Mellon removed to this court and filed its motion to dismiss, plaintiffs, unsurprisingly, failed to file a response before the due date established by our local rules. The undersigned ordered plaintiffs to show cause why their action should not be dismissed. Once again, plaintiffs did not file any response.

Plaintiffs have used and abused the judicial process, disrespecting their opponents by improperly serving their complaints and ignoring deadlines and orders imposed by the undersigned. This pattern of truncated prosecution must end.

## 3. JUDICIAL NOTICE.

Defendant seeks judicial notice of a copy of the Deed of Trust and other records related to 6128 Bay Hill Court recorded in the official records of Alameda County as well as complaints and orders from the instant action and related actions filed in this district (Dkt. No. 7). Our court of appeals has stated that "[w]e may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006). Thus, under Federal Rule of Evidence 201(b)(2), the request for judicial notice is **GRANTED**.

4

**CONCLUSION**

For the reasons state above, defendant's motion to dismiss claims is **GRANTED**. The case is **DISMISSED WITH PREJUDICE**. Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: July 21, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE